UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:04-CR-60-KKC-HAI-1 |
| | ) | |
| PAUL B. MCQUEEN, JR., | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

The Court, on referral (*see* District Judge Caldwell's Standing Order dated October 3, 2011), considers reported violations of supervised release conditions by Defendant Paul B. McQueen, Jr.  The District Court entered a judgment against Defendant on August 15, 2005, for possessing a firearm while being an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3), for possessing a firearm while under a domestic violence order in violation of 18 U.S.C. § 922(g)(8), for receiving, possessing, or concealing stolen firearms in violation of 18 U.S.C. § 922(j), and for possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d).  D.E. 41.  Defendant was sentenced to forty-six months of imprisonment, with twenty-five months concurrent to, and twenty-one months consecutive to, a ten-year imprisonment term imposed in Kentucky State Case No. 03-cr-00295-1, followed by three years of supervised release.  *Id.*  Defendant began his initial supervised release term on November 22, 2011.

Defendant then violated the terms of his supervised release.  During a final Rule 32.1 hearing on March 22, 2012, Defendant competently entered a knowing, voluntary, and intelligent

stipulation to the following violation: commission of another federal, state, or local crime. D.E. 51. The Court thus found that Defendant violated the terms of his supervised release and revoked Defendant's release. *Id.* Upon revocation, the District Court imposed a term of imprisonment of two months, and sentenced Defendant to an additional term of supervised release of thirty-four months. D.E. 52.

Defendant's second term of supervised release began on May 25, 2012. On October 5, 2012, the United States Probation Office (USPO) issued a Supervised Release Violation Report, and secured a warrant from the District Judge. The Report charges Defendant, in Violation #1, with violating Standard Condition #7, which provides that "[t]he defendant . . . shall not purchase, possess, use, distribute, or administer any controlled substance . . . except as prescribed by a physician." Specifically, the Report states that, on October 3, 2012, a urine specimen provided by Defendant tested positively for the presence of marijuana via instant testing device. The Report further states that when questioned by the USPO, Defendant denied using any controlled substances, but indicated he was in close proximity to someone who was smoking marijuana. According to the Report, United States Probation Officer Scott Greiwe asked Defendant to tell the truth, and, after a brief pause, Defendant admitted smoking a partial marijuana cigarette on or around October 1, 2012. The Report further states that Defendant stated he received the marijuana and cash as payment from an individual for whom he performed tattoo work.[1] The Report states that Defendant was read, and signed, an attached Positive Urinalysis Admission Report acknowledging the illegal use of marijuana, and signed the comments section based upon his statements to the USPO.

---

[1] During the final hearing on November 5, 2012, Defendant clarified that the marijuana was ***not*** received as payment for the tattoo work, although it was a gift from the individual for whom he performed the tattoo work.

2

Additionally, the Report charges Defendant, in Violation #2, with violating the condition of his supervision which provides that "[t]he defendant shall not commit another federal, state, or local crime." The Report reasons that, as marijuana is a Schedule I Controlled Substance, and pursuant to Sixth Circuit case law holding that the use of a controlled substance is the equivalent of possessing the controlled substance, possession of marijuana constitutes a violation of 21 U.S.C. § 844(a), a Class A Misdemeanor.

The Court conducted an initial appearance pursuant to Rule 32.1 on November 1, 2012, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 56. At the initial appearance, the United States made an oral motion for interim detention, and Defendant argued for release. *Id.* The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

At the final hearing on November 5, 2012, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violations. Further, for purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report and as clarified on the record.[2] In the Supervised Release context, the Sixth Circuit treats controlled substance use as equivalent to possession. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). The United States thus established Violations #1 and #2 under the standard of § 3583(e).

The Court has evaluated the entire record, including the recent Supervised Release Violation Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the § 3553

---

[2] As noted, Defendant clarified that the marijuana was not provided as payment for the performance of tattoo work, but was a gift from the individual for whom he performed the work.

3

factors imported into the § 3583(e) analysis.   Under § 3583(e)(3), a defendant's maximum

penalty for a supervised release violation hinges on  the gravity of the underlying offense of

conviction.  Defendant's convictions under 18 U.S.C. §§ 922(g)(3), (g)(8), and (j), and under 26

U.S.C. § 5861(d) were for Class C felonies.  *See* 18 U.S.C. § 924(a)(2); 26 U.S.C. § 5871; 18

U.S.C. § 3559.  For a Class C felony, the maximum revocation sentence provided under § 3583

is two years of imprisonment.  *See* 18 U.S.C. § 3583(e)(3).  The Policy Statements in Chapter 7

of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal

history (at the time of original sentencing) and the "grade" of the particular violation proven.

*See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-39 (6th Cir. 2007) ("Although the

policy statements found in Chapter Seven of the United States Sentencing Guidelines

recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory'

and need only be considered by the district court before sentence is imposed.") (citation omitted).

Under § 7B1.1, Defendant's admitted conduct would qualify as Grade C violations with respect

to Violations #1 and #2.  Given Defendant's criminal history category of III (the category at the

time of the conviction in this District) and a Grade C violation, Defendant's range, under the

Revocation Table of Chapter 7, is 5 to 11 months.

At the final hearing, the United States recommended revocation and a sentence of

imprisonment at the top of the guidelines, with the maximum term of supervision to follow.  The

United States noted that this is Defendant's second violation, and also pointed to Defendant's

extensive criminal history.  The Government also argued that Defendant initially denied using

marijuana, and the instant violations, coupled with his initial lack of candor, indicates a troubling

breach of the Court's trust.

Defendant sought a term of imprisonment of time served, and joined in the United States'

request for the maximum amount of supervision.  Defendant acknowledged that he breached the

Court's trust, but asked the Court for mercy.  He stated that he recently enrolled in online classes

and is seeking a bachelor of science in game art.  He also expressed a desire to support his

newborn baby, born the day after Defendant's initial appearance and while he was incarcerated.

Defendant argued that imprisonment would not provide him with necessary education, and

claimed that, were the Court inclined to impose supervised release, he would accept any

conditions of supervision.  Neither party's recommendation is binding on the Court.

Congress does *mandate* revocation in a case of this nature.  By statute, the Court must

revoke Defendant's release because he possessed a controlled substance.  *See* 18 U.S.C. §

3583(g)(1); *see also Crace*, 207 F.3d at 836 (equating use with possession).  The Sixth Circuit

clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use

in this context undoubtedly results in application of § 3583(g)(1).  *See United States v. Metcalf*,

292 F. App'x 447, 450 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under §

3583(g)(1), as we have held that use of a controlled substance constitutes possession under that

subsection.").  The only exception would be if a suitable treatment option, or Defendant's record

of involvement in treatment, warranted relief.  *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835

(holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of

supervised release upon the defendant's positive drug test and admission of the use of a

controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)").

Defendant did not seek, nor does the record support, application of this exception.

The Court has considered all of the § 3553 factors imported into the § 3583(e) analysis,

and finds that imprisonment of five months is appropriate based upon those factors.  The

Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue.  *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").   Unfortunately, Defendant has once again breached the trust granted to him by the Court.  The Court must impose a sentence that is sufficient, but not greater than necessary, to address this breach of trust and the other statutory goals imported into § 3583(e).

The Court found the emotion displayed by Defendant at the final revocation hearing to be sincere, and sensed that such emotion resulted, in large part, from a desire to spend time with his newborn child and his inability to be present (as a result of his incarceration for the current violations) at the child's birth.  The Court is sympathetic to those circumstances, and allowed for a short period of release due to that sympathy.  However, the Court is concerned with the casual attitude Defendant seems to have developed toward the conditions of his supervision.  As the Government noted, this is Defendant's second violation in less than eight months.  The Court must impress upon Defendant that the conditions of his release are not to be taken lightly and must be strictly followed.  Unfortunately, a sentence of time served does not adequately reflect the posture of this matter.

Rarely (if ever) does the Court see a variety of drug use as extensive as that described in Defendant's Presentence Investigation Report.  On a positive note, Defendant seems to have overcome his methamphetamine addiction, and he is to be highly commended for doing so. However, Defendant's recent use of marijuana is troubling.  Marijuana is a gateway drug, and the Court is concerned that use of marijuana could lead to more serious drug abuse as it did for

Defendant in the past.  Defendant's Presentence Report also describes instances of dangerous behavior, and drug use magnifies the risk of potential danger.

The Court is also required to consider, when imposing a sentence, the need to deter criminal conduct and protect the public from the crimes of Defendant.  The violations before the Court include criminal conduct, so deterrence is important.  Additionally, Defendant's criminal history is lengthy for his age, and it contains charges of dangerous behavior that are troubling to the Court.  Defendant's history of drug abuse, which is extensive, also correlates with increasingly serious and dangerous criminal behavior.  At the final hearing, Defendant expressed a desire to overcome the environment he was raised in, and Defendant undoubtedly wants better for his children.  He also stated that he took parenting classes while in prison and really wants to be a good father.  However, if Defendant continues using drugs, he is creating circumstances that will put his children in danger.

The Court has, thus far, been lenient with Defendant.  At the sentencing hearing on Defendant's underlying convictions, Defendant specifically thanked Judge Caldwell for her leniency.  D.E. 40 at 11.  Upon Defendant's first violation, he received a sentence of only two months.  D.E. 52.  The Court is hopeful that a sentence of five months on Defendant's second violation will get Defendant's attention and impress upon him the need to take the conditions of his release seriously.  The recommendation of five months is the low-end of the Guidelines range, and less than the midpoint between the Government's recommendation of eleven months and Defendant's recommendation of time served.  To be clear, the five-month term is intended to primarily address Defendant's breach of the Court's trust and casual attitude towards compliance.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of imprisonment actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h).  The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h).   The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b).  Here, the maximum term of supervised release would be three years, *see* 18 U.S.C. § 3583(b)(2) (providing for a maximum term for supervised release of three years for a Class C felony), less any revocation term imposed, *see* 18 U.S.C. § 3583(h).  Defendant was previously sentenced to two months imprisonment on his first violation, and if Defendant is sentenced to five months, as recommended, on the instant violations, this leaves a maximum term of supervised release of twenty-nine months.  Based upon the factors described above, the Court finds that an additional term of supervised release of twenty-nine months following the term of imprisonment is warranted.  Both parties sought the maximum term allowable.  The Court is giving Defendant another chance to put his drug use behind him and accept  help from probation.  Defendant still has the ability and opportunity to change the course of his life.  Part of that appropriate course must include strict compliance with *all* conditions of supervised release in the future.

The Court **RECOMMENDS**, based on the violations found:

1.        Revocation and imprisonment for a term of  five months.

2.  An additional supervised release term of twenty-nine months.   While on supervised release, the Court recommends that Defendant be subject to the conditions imposed by the Court's judgment dated May 23, 2012.[3]

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Caldwell's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 8th day of November, 2012.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge

---

[3]  At the conclusion of the final hearing, the Court released Defendant, subject to the same conditions previously imposed, for a period of forty-eight hours, to allow visitation with his newborn child. D.E. 59. Defendant was ordered to self-report on November 8, 2012, at 9:00 a.m.